JUDGE ROBERTSON
delivered the opinion of the court:
In this action of ejectment, commenced in the year 1860 by the appellant, claiming a section of land in Ballard county, Kentucky, under the elder patent, against the appellee, claiming under a prior grant, the defendant pleaded the statute of limitations; and the jury having found a verdict for him on that issue, the court, overruling a motion for a new trial, rendered judgment in bar of the action.
The appellant urges two grounds for a reversal of the judgment: 1st. That the court erred in the instruction that the statutory limitation applicable to the case was fifteen years; and, 2d. That, even if that be the legal limitation, the evidence did not authorize the verdict.
The second section of article 1, chapter 63, Revised Statutes, page 123, prospectively reduced the limitation from twenty to fifteen years.
As the cause of action in this case accrued before that enactment, the limitation of fifteen years would not apply to it, unless some' supplemental statute, taking *147 effect before the action was brought, operated retroactively. But, for that end, the Legislature, by a statute approved February 4th, 1858, and entitled “ An act to amend the second section of article 63, of the Revised Statutes, entitled Limitation of Actions and Suits,” enacted “that the provisions of chapter 63, of the Revised Statutes, shall extend to and embrace all cases in which the right of action accrued, whether before or after the Revised Statutes took effect — from and after the 1st day of August, 1859.”
The second section of article 1, chapter 63, applies to actions for real estate'; and the second section -of article 3, same chapter, relates to personal securities. And this court, in the case of Chiles, &c., vs. Monroe, 4 Met., 73, decided that the title of the said act of 1858 did not point to personal actions, and that, therefore, the act did not constitutionally apply to any such action, but intimated and seemed to think that it • sufficiently expressed the subject,of the act, so far as it concerned actions for real estate; and in the opinion thus intimated we concur. Although there is not, as expressed in the title of the act of 1858, any such “ article ” as 63., yet the number of the chapter being 63, and there being in that chapter only four articles, no reader could fail to see that the title inadvertently recited article, and clearly intended chapter 63; and the second section of that chapter could not be consistently understood to be a section of any other article than the first, as the first section of chapter 63 would necessarily mean the first section of the first article. It seems to us, therefore, that the title, sufficiently for all useful or contemplated purposes, expresses the subject of the second section of article 1 of chapter 63, and that, consequently, the act is not void on account of a delusive or non-suggestive title. This" court has *148 hitherto gone quite far enough in adjudging legislative acts unconstitutional for non-precise titles, and none of those decisions can be authoritatively or- rationally applied to the title in this case. The enactment being more comprehensive than the title, is not, to the extent of personal actions, embraced in, nor indicated by, the title; and for that reason, and to that extent alone, it was adjudged void. And that decision was certainly technical enough for the only purpose of the constitutional requisition as to the titles of legislative acts ; but neither the same nor any other consistent reason applies to actions for land embraced in the second section in chapter 63, and clearly indicated by the title of the act. We are therefore of the opinion that the act constitutionally applied the limitation of fifteen years to this action, unless the time allowed by it for bringing the suit was unreasonably too short, and therefore unconstitutionally retroactive. But if eighteen months did not afford sufficient time for ascertaining the existence of the amendatory act, and for instituting the suit so as to escape the bar, we could not define the ground nor the extent of greater elongation; consequently we adjudge the instructions on the statute of limitations substantially right.
2d. The testimony proved a continuous occupancy by the appellee and others, under whom, he claimed, for at least thirty years. But the appellant insists that the possession of one of those occupants, Bellington, from the fall of the year 1844 to some time in the year 1846, was not adverse. If this be true, fifteen years not having elapsed after that occupancy, this action was not barred by time; and if the jury had a right to decide that it was not true, then, whether the limitation was twenty or only fifteen years, was immaterial; for if the continuity of adverse possession was never broken, the action was *149 barred by more than twenty years. But as to the alleged interruption, the facts and presumptions are contradictory, and, on a thorough analysis, seem to us to preponderate against the alleged suspension of adverse possession. But if the preponderance should be the other way, we are satisfied that it is not so decisive as to authorize the court to set aside the verdict.
Wherefore, perceiving no available error to the appellant’s prejudice, the judgment is affirmed.